STATE OF MISSOURI, Respondent, v. MELTON, Appellant.

St. Louis Court of Appeals, March 31, 1908.

1. **PRACTICE IN CRIMINAL CASES: Empanelling Jury: Challenging Regular Panel.** Where it was shown that in drawing the regular panel of jury, the judges of the county court were in consultation with the prosecuting attorney, but there was no evidence to show that he suggested a single name for a juror or that a name was erased from the list at his request, a motion to quash the panel on the ground that the jurors were selected by the prosecuting attorney was properly overruled, nor was the fact that a helper in the county clerk's office drew some of the names of the jurors from the hat by direction of the county court, a sufficient irregularity to justify quashing the panel.

2. **LOCAL OPTION: Prima-Facie Case: Agency.** In the prosecution of a defendant for violation of the local option law, where it was shown that he undertook to procure some whiskey for another party, was given a dollar for the purpose and af-

terwards left the whiskey where the other party could get it and retained the dollar, this was sufficient to warrant a conviction on the theory that he was the seller and not merely the agent of the purchaser.

Appeal from Stone Circuit Court.—*Hon John T. Moore,* Judge.

AFFIRMED.

*D. H. Kemp* and *G. W. Thornberry* for appellant.

While it has often been held by the higher courts of this State that the statutory method of selecting juries is merely directory and that mere irregularities will be overlooked, yet the method adopted in this case has been very emphatically condemned, and the fact that the prosecuting officer was only endeavoring to get good men will not cure the defect. This duty is placed on the county court and every defendant has the right to be tried by a jury selected by an impartial and disinterested officer. State v. Austin, 183 Mo. 478, and other authorities cited. And the evidence shows that three of the jurors were drawn by a helper of the county clerk, not a deputy or sworn officer. The Supreme Court of this State held that the panel should have been quashed because the circuit judge called into the jury box eight men who were not summoned by the elisor appointed by the court to summon the jury because he was not authorized under the statute to perform this duty. State v. Weeden, 133 Mo. 70.

*W. E. Renfro,* Prosecuting Attorney, for respondent.

The defendant undertook to show that he procured the whisky as the agent of the purchaser; but the evidence was such as to convince the jury that the sale was made by the defendant himself. Why did he sneak in and hide the whisky under the overcoat if it was a

legitimate transaction?     In the case of the State v.
Morton, 42 Mo. App. 67, which is precisely like this case,
the court says: "We think the evidence sufficient to
warrant the jury in finding the defendant guilty."

BLAND, P. J.—On an information filed by the
prosecuting attorney of Stone county, stating that local
option had been adopted and was in force in said coun-
ty, and that defendant had violated said law by unlaw-
fully selling one quart of whiskey, defendant was put
upon trial to a jury, who found him guilty as charged.
The county court, in compliance with sections 3769,
3770, Revised Statutes 1899, drew a panel of petit jurors
for service at the term of the circuit court at which de-
fendant was tried, which panel was certified to the clerk
of the circuit court by the clerk of the county court.
From this panel were drawn the jurors who found the
verdict against defendant.    Before the jurors were call-
ed and qualified, defendant moved to quash the panel,
on the ground that the names of the persons put in the
hat to be drawn as jurors were not selected by the judges
of the county court, but by the prosecuting attorney of
the county; and also that some of the names on the
panel were drawn from the hat by an unauthorized per-
son.    In support of the motion, defendant offered evi-
dence showing that the prosecuting attorney was present
during all the time the jurors were being drawn; that
on two occasions he stepped aside with a judge of the
county court and was consulted as to the character and
qualifications of some of the persons whom the judge
had selected for jurors, and that several persons named
by the judge were discussed with the prosecuting at-
torney before their names were put in the hat, but the
evidence does not show that the prosecuting attorney
suggested the name of a single person to any one of the
judges as a proper person for a juror, or that any name
was erased from the list selected by the court or any one.

of the judges, at the request of the prosecuting attorney or at all. The evidence also shows that George Smith, who was not a deputy of the county clerk, but worked in the office at times and styled himself "a helper," during a temporary absence of the clerk, in the presence and by direction of the county court, drew the names of three jurors from the hat. The most that can be said of this evidence is that it tends to show some irregularity in the selection of the panel of jurors by the county court, but it does not show, as was the case in State v. Austin, 183 Mo. 478, 82 S. W. 5, that the prosecuting attorney selected the jurors. The county court is required to select names of persons having "all the requisite qualifications of jurors," from each township in the county, and we do not think it would be improper for a judge of the court to inquire about the qualifications of a person, whose name was on the list placed in the hat, and about whose qualifications he might be in doubt.

The proof showed that local option was adopted in Stone county in September, 1905, and that the result of the election was published as required by the statute. On the merits, the evidence shows that one A. Hodges, defendant and others were in an office at Crane in Stone county, and the question of getting some whisky came up. Defendant remarked he generally got his at Branson. Hodges said, "I wish I could get some one to get me some," and asked defendant if he could get it. Defendant replied that he could. Hodges gave him a dollar and defendant disappeared and in about twenty or thirty minutes a bottle of whiskey was found on a table in the office. Defendant kept the dollar. Defendant swore he purchased the whisky of another person, and introduced a witness who swore he saw defendant buy a quart of whisky but refused to disclose the name of the seller on the ground that it would incriminate him (the witness). Defendant demurred to the evi-

dence. While the evidence might have warranted the jury to find that defendant was the agent of the purchaser, yet it warranted the jury to find defendant was the active vendor. In this class of cases courts are disposed to approve of verdicts of conviction when the circumstances shown point the jury with reasonable certainty to the crooked paths and hidden ways the illegal vendor traveled to make a secret delivery of ardent spirits to the whisky-thirst purchaser; for it is common knowledge that "for ways that are dark and tricks that are vain" the Chinese is an unsophisticated heathen compared to the "boot-legger." The subterfuge resorted to by defendant to sell a bottle of whisky to Hodges by putting it where he could get it was not so mystifying as to hide the real transaction from the eyes of the jury. They saw through it and we think found a just verdict.

The judgment is affirmed. All concur.