STATE OF MISSOURI, Respondent, v. HUGH RUTLEDGE, Appellant.

Springfield Court of Appeals, April 7, 1913.

CRIMINAL LAW: Local Option: Instruction: Harmless Error. In a prosecution for a violation of the Local Option Law, an instruction to the effect that defendant and a State's witness had a right to each contribute a sum of money with which to purchase whiskey and if the jury should find from the evidence that the whiskey so purchased, if they should find from the evidence that any whiskey was purchased, with money contributed by both the defendant and the witness "by agreement between them before such purchase," and that afterwards defendant and said witness jointly drank said whiskey, these facts would not warrant the jury in finding defendant guilty and they should acquit him, committed no error against the defendant because of the interlineation by the court of the words "by agreement between them before such purchase."

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*A. J. Young* and *L. A. Wetzel* for appellant.

*Edwin Frieze* for respondent.

No briefs filed.

ROBERTSON, P. J.—The defendant was convicted for a violation of the Local Option Law and has appealed, assigning as error the action of the trial court in modifying and giving an instruction, as modified, to the jury asked in his behalf.

A witness for the State testified that he gave defendant fifty or seventy-five cents to get some whiskey, that the defendant went away and shortly thereafter returned with the whiskey and delivered it to the witness, of which he took a drink.

The defendant testified that the witness came to where he was working in a restaurant and wanted to purchase some whiskey but only had sixty cents, and that the defendant added fifteen cents to it and purchased some grape juice and gave it to the witness.

The testimony of several witnesses was to the effect that the defendant had a general reputation of being a persistent violator of the Local Option Law, or of being a "bootlegger."

The instruction complained of by the defendant is to the effect that the defendant and said witness had a right to each contribute a sum of money with which to purchase whiskey, and if the jury should find from the evidence that the whiskey so purchased (if they should find from the evidence any whiskey was purchased) with money contributed by both the defendant and the said witness by agreement between them before such purchase, and that afterwards the defendant and said witness jointly drank said whiskey, those facts, if they should so find them from the evidence, would not warrant the jury in finding the defendant guilty, and they should acquit him. This instruction was asked by the defendant but was modi-

fied and given by the court with the following interlineation: "by agreement between them before such purchase."

There was no error as against the defendant in making this interlineation in the instruction and so giving it. [State v. Melton, 130 Mo. App. 262, 109 S. W. 858.]

Perceiving no error in the trial of this case, the judgment of the trial court is affirmed and the cause remanded to the circuit court with directions to execute its judgment. All concur.